IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
ISAIAS R. ORTIZ,                        :
                                        :
                Petitioner,             :
                                        :
        v.                              :   Civ. Act. No. 07-421-JJF
                                        :
PERRY PHELPS, Warden, and               :
ATTORNEY GENERAL OF THE STATE           :
OF DELAWARE,                            :
                                        :
                Respondents.¹           :
```

---

Isaias R. Ortiz.  <u>Pro</u> <u>se</u> Petitioner.

James T. Wakley, Deputy Attorney General of the DELAWARE
DEPARTMENT OF JUSTICE, Wilmington, Delaware.   Attorney for
Respondents.

---

**MEMORANDUM OPINION²**

December  4 , 2008
Wilmington, Delaware

---

¹Warden Perry Phelps assumed office in January, 2008,
replacing former acting warden Elizabeth Burris, an original
party to this case.  <u>See</u> Fed. R. Civ. P. 25(d)(1).

²This case was re-assigned to this Court from the Vacant
Judgeship docket on February 1, 2008.

Farnan, District Judge

Pending before the Court is an Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition") filed by Petitioner Isaias R. Ortiz ("Petitioner"). (D.I. 2.) For the reasons discussed, the Court will deny the Petition as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In October 2003, a Delaware Superior Court jury convicted Petitioner of two counts of trafficking in cocaine, possession with intent to distribute a schedule II narcotic, maintaining a vehicle for keeping controlled substances, maintaining a dwelling for keeping controlled substances, second degree conspiracy, and endangering the welfare of a child. The Superior Court sentenced Petitioner to a total of sixty years of imprisonment, suspended after fifty-five years for a term of probation. Petitioner appealed, and the Delaware Supreme Court affirmed his conviction and sentence. See Ortiz v. State, 2004 WL 2741185 (Del. Nov. 16, 2004).

Petitioner filed a motion for state post-conviction relief pursuant to Superior Court Rule 61 ("Rule 61 motion") on August 22, 2006. (D.I. 18, Del. Super. Ct. Crim. Dkt. Entry No. 30.) The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed the Superior Court's judgment on January

1

25, 2007.  <u>Ortiz v. State</u>, 918 A.2d 1171 (Table), 2007 WL 188173
(Del. Jan. 25, 2007).

Petitioner's federal habeas Petition asserts three claims:
(1) the evidence seized from his vehicle and home should have
been suppressed because the police did not obtain a warrant
before searching his car and the tainted evidence was then used
to obtain a warrant to search his car; (2) the Superior Court
violated his rights under the Due Process Clause by denying a
continuance for Petitioner to obtain an interpreter; (3) the
Superior Court committed errors in denying Petitioner's Rule 61
motion.  (D.I. 2.)  The State filed an Answer, arguing that the
Petition should be dismissed as time-barred.  (D.I. 14.)

**II.  DISCUSSION**

**A.  One-Year Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996
("AEDPA") was signed into law by the President on April 23, 1996,
and habeas petitions filed in federal courts after this date must
comply with the AEDPA's requirements.  <u>See generally</u> <u>Lindh v.
Murphy</u>, 521 U.S. 320, 336 (1997).  The AEDPA prescribes a one-
year period of limitations for the filing of habeas petitions by
state prisoners, which begins to run from the latest of:

   (A) the date on which the judgment became final by the
   conclusion of direct review or the expiration of the time
   for seeking such review;

   (B) the date on which the impediment to filing an
   application created by State action in violation of the

2

Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The instant Petition, dated June 26, 2007, is subject to the one-year limitations period contained in § 2244(d)(1). See Lindh, 521 U.S. at 336. Petitioner does not allege, and the Court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Accordingly, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

In this case, the Delaware Supreme Court affirmed Petitioner's conviction and sentence on November 16, 2004, and he did not file a petition for a writ of certiorari in the United States Supreme Court. Consequently, Petitioner's conviction became final for the purposes of § 2244(d)(1) on March 14, 2005. See Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999). Accordingly, to comply with the one-year limitations period, Petitioner had to file his § 2254 Petition by March 14, 2006. See Wilson v. Beard, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to

3

federal habeas petitions).

Petitioner did not file the instant Petition until June 26,
2007,[3] one year after the expiration of the AEDPA's statute of
limitations.  Thus, the Petition is time-barred, unless the
limitations period can be statutorily or equitably tolled.  <u>See</u>
<u>Jones v. Morton</u>, 195 F.3d 153, 158 (3d Cir. 1999).  The Court
will discuss each doctrine in turn.

**B. Statutory Tolling**

Pursuant to § 2244(d)(2), "a properly filed application for
State post-conviction or other collateral review with respect to
the pertinent judgment or claim" will toll the AEDPA's one-year
limitations period during the time the collateral proceeding is
pending in state court, including any post-conviction appeals,
provided that the application for collateral review is filed
prior to the expiration of the AEDPA's one-year period.  <u>See</u> 28
U.S.C. § 2244(d)(2);  <u>Swartz v. Meyers</u>, 204 F.3d 417, 424-25 (3d
Cir. 2000);  <u>Price v. Taylor</u>, 2002 WL 31107363, at *2 (D. Del.
Sept. 23, 2002)(explaining that a properly filed Rule 61 motion

_____

[3]A prisoner's <u>pro</u> <u>se</u> habeas petition is deemed filed on the
date he delivers it to prison officials for mailing to the
district court.  <u>See</u> <u>Longenette v. Krusing</u>, 322 F.3d 758, 761 (3d
Cir. 2003)(the date on which a prisoner transmitted documents to
prison authorities is to be considered the actual filing date);
<u>Burns v. Morton</u>, 134 F.3d 109, 113 (3d Cir. 1998).  The Court
adopts the date on the Petition, June 26, 2007, as the filing
date, because presumably, Petitioner could not have presented the
Petition to prison officials for mailing any earlier than that
date.  <u>See</u> <u>Woods v. Kearney</u>, 215 F. Supp. 2d 458, 460 (D. Del.
2002).

will only toll the limitations period if it was filed and pending before the expiration of the AEDPA's limitations period). Here, even though Petitioner timely filed his Rule 61 motion in August 2006 for the purposes of state collateral review,[4] Petitioner's Rule 61 motion does not have any statutory tolling effect in this habeas proceeding because it was filed after the AEDPA's limitations period had already expired. Therefore, the doctrine of statutory tolling does not render the Petition timely.

## C. **Equitable Tolling**

The AEDPA's limitations period may also be equitably tolled, but "only when the principle of equity would make the rigid application of a limitation period unfair." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2000). In order to trigger equitable tolling, a petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. Miller v. N.J. Dept. Corrs., 145 F.3d 616, 618-19 (3d Cir. 1998); Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of the AEDPA's limitations

---

[4]See Ortiz, 2007 WL 188173, at *1 (explaining how Delaware's former 3-year limitations period for Rule 61 motions applied to Petitioner's case, rather than the new 1 year limitations period that became effective on July 1, 2005).

period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

Jones, 195 F.3d at 159; see also Brinson v. Vaughn, 398 F.3d 225, 231 (3d Cir. 2005)(equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve habeas claim).

Here, Petitioner does not allege that any "extraordinary circumstance" prevented him from timely filing the instant Petition. Moreover, to the extent Petitioner's untimely filing was due to a mistake or computational error, that mistake does not trigger the equitable tolling doctrine. See LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling"). Accordingly, the Court will dismiss the Petition as time-barred.

## III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See 3rd Cir. LAR 22.2 (1997). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional

6

right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

The Court has concluded that the Petition must be dismissed as time-barred. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Therefore, the Court declines to issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied.

An appropriate Order will be entered.